UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
**Proceeding Memorandum/Order**

**In Re:** Michael J. Demerjian                         **Case/AP Number** 11-12634 -FJB
                                                       **Chapter** 11

```
EVIDENTIARY HEARING
#29 Motion of Debtor to Impose Automatic Stay (Pro Se)
#51 Opposition of Beverly Cooperative Bank (A. Evans)
#52 Amended Opposition of Beverly Cooperative Bank
```

**COURT ACTION:**

_____Hearing held

_____Granted       _____Approved       _____Moot

_____Denied        _____Denied without prejudice      _____Withdrawn in open court

_____Overruled     _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order       _____Released      _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Evidentiary hearing held. After hearing at which evidence was offered by the Debtor, who appeared pro se, and the Beverly Cooperative Bank ("BCB"), the motion is denied. This motion arises under section 362(c)(4)(A)(i) of the Bankruptcy Code as this is the third Chapter 11 case that the Debtor has filed since October 29, 2010, the earlier cases ending in orders of dismissal. Hence, the automatic stay did not go into effect at the time of the filing on March 29, 2011, the day BCB's most recent foreclosure sale was scheduled. Each of the prior cases were also filed on or near the day of previously scheduled foreclosure sales. Debtor is a real estate developer who owes BCB over $1.8 million and who has not made a payment to BCB for nearly two years. He is also delinquent on real estate taxes. Debtor argued in support of his motion that under section 362(c)(4)(D)(i)(III) he has rebutted with clear and convincing evidence that the statutory presumption that this filing was in bad faith because there has been "a substantial change in the...personal affairs of the debtor" since his last case was dismissed on February 24, 2011 (Debtor admitted that there has been no change in his financial affairs since that time). Debtor explained his earlier dismissals, attributing them to the distractions of a bitter custody dispute with his former wife. He testified that on or about March 15, 2011 he received a favorable ruling in the state court that ameliorates this distraction. In fact, however, the Debtor admitted on cross examination that he is still in a bitter post marital dispute with his former wife and that he has been scheduled to be in state court over these issues in the past week. In fact, for personal reasons just in the last week he moved on an emergency basis that this Court continue the hearing on his motion scheduled for Friday April 15, 2011 and then again on the rescheduled hearing on that motion for Tuesday April 19, 2011. The Debtor then arrived late for the hearing on April 20, 2011. Moreover, the Debtor has not taken his obligations seriously in this Chapter 11 case, even after having had the effective benefit of the stay for most of six months. By order of this Court, the Debtor was directed to file his schedules and statement of financial affairs(he filed as many as eleven requests in the course of this and his prior cases to postpone these disclosures)by April 19, 2011. On that date he filed incomplete and inaccurate schedules and no statement of financial affairs. He also conceded at the hearing that he failed to file his 2010 tax returns when due on April 19, 2011 (he has filed no tax returns for years) and that he is currently using cash collateral without consent or court approval. See 11 U.S.C. sect. 1112 (cause for conversion). Finally, the Debtor conceded that the only purpose in allowing him the benefit of the stay is to permit him to sell the BCB collateral. In sum, the Debtor failed to carry his burden of rebutting the statutory presumption of bad faith with clear and convincing evidence. The motion is denied as to all creditors.

IT IS SO ORDERED:

_____Dated: 04/20/2011
Frank J. Bailey
United States Bankruptcy Judge